UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 10-70444

BILL JOSEPH MESSER,                             Chapter 7

                        Debtor.                 Judge Thomas J. Tucker
_____/

VIRGINIA H. CHAMBERLAIN, et al.,

                Plaintiffs,

v.                                              Adv. Pro. No. 10-7612

BILL JOSEPH MESSER,

                Defendant.
_____/

**OPINION REGARDING MOTIONS FOR SUMMARY JUDGMENT**

        In this adversary proceeding, Plaintiffs seek a determination that a debt in the amount of

$134,074.95 is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (B), 523(a)(4), and

523(a)(6).[1]   The debt is based on a prior state court default judgment, entered pre-petition in

favor of Plaintiffs and against Defendant/Debtor ("Defendant"), on a multiple-count amended

complaint (the "Default Judgment").  This adversary proceeding is before the Court on cross-

motions for summary judgment (collectively, the "Motions").[2]

        Plaintiffs' motion for summary judgment ("Plaintiffs' Motion")[3] seeks summary

judgment on all counts of the adversary complaint, based entirely on collateral estoppel.

_____

        [1] *See* Compl. (Docket # 1).

        [2] Docket ## 31, 39.

        [3] Docket # 31.

Plaintiffs argue that under the doctrine of collateral estoppel, the Default Judgment precludes Defendant from disputing the non-dischargeability of the debt.[4]

Defendant's Motion seeks summary judgment on all counts of Plaintiffs' adversary complaint.

The Court held a hearing on the Motions. During the hearing, the parties requested the opportunity to file briefs to address the relevance of, and impact on the Motions of, Mich. Comp. Laws § 450.4404(5), and the Court granted this request. Also during the hearing, the Court required Defendant's counsel to file a transcript of the oral argument in the state court on a motion by Defendant to set aside the Default Judgment.[5] Defendant then filed transcripts of two state court hearings, which in part, concerned the motion by Defendant to set aside the Default Judgment.[6]

The Court concludes that, based on the undisputed facts in the record, Plaintiffs' Motion must be denied, for the reasons stated in this opinion below. The Court also concludes that Defendant's Motion must be denied, because there are genuine issues of material fact precluding summary judgment for Defendant.

## I. Facts

### A. The state court action

On August 13, 2009, Plaintiffs filed an amended complaint against Defendant and various

---

[4] *See* Pls.' Br. in Supp. of Mot. for Summ. J. (Docket # 31-1) at 4-11.

[5] *See* "Order Regarding Further Proceedings on the Parties' Cross-Motions for Summary Judgment" (Docket # 55).

[6] Docket # 59.

2

corporate defendants in the Kent County, Michigan, Circuit Court (*Chamberlain v. Messer*, Case No. 09-07287-CK).[7] The amended complaint contained the following eight counts: "Count I - Breach of Promissory Notes (All Defendants)"; "Count II - Fraud in the Inducement (Defendant Mr. Messer)"; "Count III - Breach of the November 2005 Agreement and Rockford Operating Agreement & Violation of the Michigan Limited Liability Company Act (Defendant Mr. Messer)"; "Count IV - Breach of Fiduciary Duties (Defendant Mr. Messer)"; "Count V - Unjust Enrichment/Conversion (All Defendants)"; Count VI - Tortious Interference/Usurpation of Corporate Opportunity" (Defendants Mr. Messer and Messer Mobility)"; "Count VII - Accounting"; and Count [VIII][8]- Temporary Restraining Order & Appointment of Receiver." When Defendant and the corporate defendants failed to timely file answers to the amended complaint, defaults were entered against each of the corporate defendants, but not against the Defendant. Apparently, a default was not entered at that time against Defendant, because the state court erroneously believed that Defendant was a debtor in a pending bankruptcy case.

"On September 16, 2009, the [P]laintiffs formally filed a notice of entry of judgment, including a proposed judgment against all of the defendants for $134,074.95, and wrote in that notice that the defendants had to file written objections within seven days to prevent entry of the proposed judgment."[9] On September 24, 2009, an objection to entry of the proposed default judgment "was filed on behalf of 'the [d]efendants . . . *except [Defendant] Bill Messer.*'"[10] The

---

[7] *See* "Plaintiffs' First Amended Complaint" (Docket # 31-2 (Ex. A to Pls.' Mot. for Summ. J.)).

[8] This count was erroneously labeled "Count VI."

[9] "Opinion and Order Denying Defendant Bill Messer's Motion to Set Aside Default Judgment" (Docket # 31-3 in Adv. Pro. No. 10-7612), at 2.

[10] *Id.*

3

objection stated that "[Defendant] Bill Messer has filed personal bankruptcy and no Judgment can or should be entered against him."[11]  In their objection, the corporate defendants "moved to set aside all of the defaults" against them and objected to entry of default judgments against them.[12]

### B.  The state court Default Judgment

On September 25, 2009, upon discovering that there was no pending bankruptcy case in which Defendant was a debtor, the state court, without first holding a hearing, entered a default and the Default Judgment against Defendant, individually, and in favor of Plaintiffs, in the amount $134,074.95.[13]  The Default Judgment provided, in relevant part: "IT IS ORDERED this judgment is granted in favor of the plaintiff(s) as follows.  Damages: $132,966.40   Costs: $1,033.55  Attorney fee/Other $75.00 Total Judgment: $134,074.95"[14]  The Default Judgment was a pre-printed form on which there were blank lines to fill in the total amount of Default Judgment, and the various amounts on which the total Default Judgment amount was computed.  There is no indication whatsoever in the Default Judgment that the judgment was being entered on all counts of the Plaintiffs' amended complaint, or on which counts the judgment was being entered.

On November 11, 2009, Defendant filed a motion to set aside the Default Judgment.[15]

---

[11] *Id.*

[12] Tr. of Nov. 13, 2009 hearing (Docket # 59-1) at 6.

[13] *See* Docket # 1-11 (Ex. 9 of Pls.' Compl. (Docket # 1)).

[14] *Id.*

[15] *See* Tr. of Dec. 11, 2011 hearing before the state court in Case No. 09-07287 (Docket # 52-2) (in part, regarding Defendant's motion to set aside the September 25, 2009 state court Default Judgment against him) at 7, 9, 31.  In the state court opinion in Case No. 09-07287, entitled "Opinion and Order Denying Defendant Bill Messer's Motion to Set Aside Default Judgment" (Docket # 31-3 in Adv. Pro.

4

The state court held hearings on November 13, 2009 and December 11, 2009, which, in part,

dealt with Defendant's motion to set aside the Default Judgment.[16]  At the conclusion of the

December 11, 2009 hearing, the state court took the issue of whether to set aside the Default

Judgment under advisement.

On January 7, 2010, the state court entered an opinion denying Defendant's motion to set

aside the Default Judgment, because it had been filed after the 21-day time limit for bringing

such a motion under Mich. Ct. R. 2.603(D)(2)(b).[17]  The opinion stated that the Default Judgment

---

No. 10-7612), the state court stated that the date Defendant filed his motion to set aside the September 25, 2009 Default Judgment against him was November 13, 2009. *See* "Opinion and Order Denying Defendant Bill Messer's Motion to Set Aside Default Judgment" (Docket # 31-2 in Adv. Pro. No. 10-7612) at 1-2.  The actual date Defendant filed the motion to set aside the Default Judgment (namely, whether it was November 11, 2009 or November 13, 2009) is not material, because either date was beyond the 21-day deadline to file such a motion under Mich. Ct. R. 2.603(D).

[16] The hearings also concerned, in part, the corporate defendants' motions to set aside the defaults entered against them, and their objections to entry of a default judgment against them.

[17]  "Opinion and Order Denying Defendant Bill Messer's Motion to Set Aside Default Judgment" (Docket # 31-3 in Adv. Pro. No. 10-7612). Mich. Ct. R. 2.603(D) governs the setting aside of a default or a default judgment.  It provides, in relevant part:

> (D) Setting Aside Default or Default Judgment.
>
> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.
>
> (2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed
>
> (a) before entry of a default judgment, or
>
> (b) if a default judgment has been entered, within 21 days after the default judgment was entered.

5

was "fully enforceable."[18]

## II. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C.

§§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core

proceeding under 28 U.S.C. § 157(b)(2)(I).

## III. Discussion of Plaintiffs' Motion

The issue before the Court on Plaintiffs' Motion is whether under the doctrine of

collateral estoppel, the Default Judgment bars Defendant from contesting the dischargeability of

the $134,074.95 judgment debt under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and/or 523(a)(6).

### A. The collateral estoppel doctrine

The Court reiterates the following discussion of collateral estoppel, which appears in this

Court's opinion in *McCallum v. Pixley* (*In re Pixley*), 456 B.R. 770, 775-76 (Bankr. E.D. Mich.

2011):

> Collateral estoppel applies in nondischargeability proceedings
> under the Bankruptcy Code, such as this adversary proceeding.
> *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). "Collateral
> estoppel . . . prevents a party from relitigating issues of fact or law
> which were necessarily decided by a previous final judgment."
> *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir.1997). In determining
> whether a state court judgment precludes relitigation of § 523(a)
> issues under the doctrine of collateral estoppel, the Full Faith and
> Credit Statute, 28 U.S.C. § 1738, requires bankruptcy courts to
> "'consider first the law of the State in which the judgment was
> rendered to determine its preclusive effect.'" *Bay Area Factors v.
> Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997) (quoting
> *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375
> (1985)). If the state courts would not deem the judgment binding

---

[18] "Opinion and Order Denying Defendant Bill Messer's Motion to Set Aside Default Judgment"
(Docket # 31-3 in Adv. Pro. No. 10-7612) at 3.

6

under collateral estoppel principles, then the bankruptcy court cannot do so either. But if the state courts would accord a preclusive effect to the judgment, then the bankruptcy court must also give the judgment preclusive effect, "unless Congress has expressly or impliedly created an exception to § 1738 which ought to apply to the facts before the federal court." *Id.* (citing *Marrese*, 470 U.S. at 386).

In *Calvert*, the Sixth Circuit held that there is no such express or implied exception under § 1738 in dischargeability actions. The court found no indication of such an exception "in the Bankruptcy Code or legislative history." And the court reasoned that there is "no principled distinction between cases where a defendant participates in part in defense of the state court suit and cases where the defendant does not respond at all." 105 F.3d at 322. The court held that "collateral estoppel applies to true default judgments in bankruptcy dischargeability proceedings in those states which would give such judgments that effect." Therefore, the Court must look to the law of Michigan to determine the collateral estoppel effect of the Default Judgment on the issues in this adversary proceeding.

Under Michigan law, the following requirements must be met in order for collateral estoppel to apply:

1) there is identity of parties across the proceedings,

2) there was a valid, final judgment in the first proceeding,

3) the same issue was actually litigated and necessarily determined in the first proceeding, and

4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert (In re Phillips)*, 434 B.R. 475, 485 (B.A.P. 6th Cir. 2010)(citation omitted).

*Id.* (footnote omitted).

In determining whether a debt arising out of a judgment is within an exception to

discharge, the language of the judgment itself is not controlling, but rather the Court must look to

7

the "entire record in the original action" to determine the "exact nature of the debt on which such judgment was based." *See Tudryck v. Mutch*, 30 N.W.2d 512, 514 (Mich. 1948) (Bankruptcy Act case). "It is well settled that the court will look behind a note, a mortgage, or even a judgment, to ascertain the nature of the debt, and, if it is ascertained to be one which a discharge (in bankruptcy) does not bar, it will be so adjudged." *Id.*

The Court concludes that, despite Plaintiffs' argument to the contrary, the "necessarily determined" requirement of collateral estoppel is not satisfied in this case.[19]

### B. Plaintiffs' argument

The problem Plaintiffs face is that the Default Judgment does not specify on which counts of Plaintiffs' state court complaint it is based. The Default Judgment does not specify that judgment was being entered on all counts, or on any particular count. And not all of the counts in Plaintiffs' state court complaint would support a nondischargeability determination under § 523(a). For example, Count I of the state court complaint was a simple breach of contract claim. No provision of § 523(a) applies to such a claim. The same is true for Count III, which alleged breach of contract and violation of the Michigan Limited Liability Company Act.

It appears that Plaintiffs are arguing that the Default Judgment is a judgment **on all counts** of the amended state court complaint, including the fraud in the inducement count.[20]

---

[19] In *McCallum v. Pixley*, this Court held among other things that even "true default" judgments, *i.e.*, judgments entered without the defendant having participated at all in the case, meet the "actually litigated" requirement of collateral estoppel. *See* 456 B.R. at 776-78.

[20] In their opening brief, Plaintiffs did not state this argument directly in these words. Rather, relying on *Lesisko v. Stafford*, 292 N.W. 376, 377 (Mich. 1940), Plaintiffs stated only that "[i]n Michigan, the entry of a default judgment is equivalent to an admission by the defaulting party as to all of the matters well-pleaded." (Pls.' Br. in Supp. of Mot. for Summ. J. (Docket # 31-1) at 5.) It appears that, from this premise, Plaintiffs jump to the conclusion that the entry of the default judgment must be on all counts of the amended state court complaint. But that conclusion does not logically follow.

Plaintiffs argue further that because the elements of fraud in the inducement are virtually identical to the elements of a nondischargeability claim under 11 U.S.C. § 523(a)(2), and because the issue of whether Defendant had committed fraud was "necessarily determined" by entry of the Default Judgment, the collateral estoppel doctrine precludes Defendant from litigating the nondischargeability of the $134,074.95 debt under §§ 523(a)(2), 523(a)(4), and 523(a)(6).[21] Plaintiffs rely on *Wellinger v. Borton* (*In re Wellinger*), 371 B.R. 249 (E.D. Mich. 2007) and *Bldg. Commc'ns, Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29 (Bankr. E.D. Mich. 2005). The Court disagrees with Plaintiffs' position.

### C. Discussion of Plaintiffs' argument

The Default Judgment cannot be construed as a judgment on all counts of Plaintiffs' amended state court complaint. The Default Judgment contains no reference to any of the eight counts in the amended complaint; nor does it contain a statement that it is a judgment on the amended complaint in its entirety or on all counts in the amended complaint; nor does it determine a separate measure of damages for each of the eight different counts of the amended complaint. Nor does anything else in the state court record filed by the parties, including the post-judgment proceedings in state court, show that judgment was entered on all counts or show on which count(s) judgment was entered.

Nevertheless, Plaintiffs appear to argue that the Default Judgment is a judgment on each of the counts in the amended complaint for the full amount of judgment (*i.e.,* a judgment on Count I - Breach of Promissory Notes (All Defendants)" in the amount of $134,074.95 ; "Count II - Fraud in the Inducement (Defendant Mr. Messer)" in the amount of $134,074.95 ; "Count III

---

[21] *See* Pls.' Br. in Supp. of Mot. for Summ. J. at 10-11.

- Breach of the November2005 Agreement and Rockford Operating Agreement & Violation of the Michigan Limited Liability Company Act) (Defendant Mr. Messer)" in the amount of $134,074.95 ; "Count IV - Breach of Fiduciary Duties (Defendant Mr. Messer)" in the amount of $134,074.95 ; "Count V - Unjust Enrichment/Conversion (All Defendants)" in the amount of $134,074.95 ; Count VI - Tortious Interference/Usurpation of Corporate Opportunity" (Defendants Mr. Messer and Messer Mobility)" in the amount of $134,074.95 ; "Count VII - Accounting" in the amount of $134,074.95 ; and Count [VI II][22] - Temporary Restraining Order & Appointment of Receiver in the amount of $134,074.95 "). In other words, Plaintiffs argue that each count independently supports the award of $134,074.95 in the Default Judgment. Plaintiffs argue further that because at least one of the counts, namely the fraud in the inducement count, requires proof of all of the elements which would render a debt nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and/or (a)(6), then collateral estoppel precludes Defendant from arguing that the debt based on the Default Judgment is dischargeable.

Plaintiffs' reasoning is flawed for several reasons, and the Court must reject it. First, as Plaintiffs conceded at the hearing on the Motions, the Default Judgment clearly was not a judgment on at least one of the counts in the amended state court complaint, namely, Count VII, which sought an accounting. For this reason alone, the judgment should not be construed, as Plaintiffs suggest, as a judgment on all counts of the amended complaint.

Second, the premise that 'the entry of a default judgment is equivalent to an admission by the defaulting party as to all the matters well-pleaded," does not, as Plaintiffs argue, lead logically to the conclusion that the Default Judgment is a judgment on all counts of the complaint

_____

[22] This count was erroneously labeled "Count VI."

for collateral estoppel purposes.  As explained in more detail below, this argument ignores the fact that for collateral estoppel to apply, the particular issue, in this case fraud,  not only must have been pled and therefore raised by the pleadings, but also it must be clear that the issue was "necessarily determined" by the judgment.  Plaintiffs' analysis erroneously collapses these two separate inquiries (namely, whether the issue was pled, and whether the issue was necessarily determined) into a single inquiry.

Third, under Michigan law, the Default Judgment would not be construed as a judgment on all counts of the amended complaint for collateral estoppel purposes.  The general rule in Michigan is that where, as here, a default judgment has been entered against a defendant on a multiple-count complaint; and the judgment does not explicitly state on which counts it is based and does not apportion damages among the independent accounts; and the basis for the judgment cannot be determined by reviewing the record; collateral estoppel does not apply, because no *one* count of the complaint was "necessarily determined."  "To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel."  *Board of County Road Comm'rs for County of Eaton v. Schultz*, 521 N.W.2d 847, 850 (Mich. Ct. App. 1994) (citations omitted).  Under Michigan law, "[c]ollateral estoppel applies only where the basis of the prior judgment **can be ascertained clearly, definitely, and unequivocally**."  *People v. Gates*, 452 N.W.2d 627, 631 (Mich. 1990)(emphasis added, citations omitted).  Without knowing the basis of the judgment, a court cannot make the determination that the judgment depended on a determination of the issue in question.

The Michigan Supreme Court's opinion in *Gates* is instructive on the meaning of the

"necessarily determined" requirement of collateral estoppel.  In *Gates,* the court applied

collateral estoppel principles in the context of "[c]ases involving 'cross-over estoppel,' where an

issue adjudicated in a civil proceeding is claimed to be precluded in a subsequent criminal

proceeding, or vice versa."  *Id*. at 630.  The *Gates* court explained:

> The inability of a court to determine upon what basis an acquitting
> jury reached its verdict, is, by itself, enough to preclude the defense
> of collateral estoppel. . . .
>
> The verdict in the first proceeding need not explicitly have
> addressed the issue to be precluded, however. The fact that a
> verdict is a general verdict may make the determination of what
> issues have been decided problematic, but it does not automatically
> bar the application of collateral estoppel. In *Ashe,* the United States
> Supreme Court suggested that in the case of a general verdict of
> acquittal in a criminal trial the determination of what was
> necessarily determined by the verdict should start with an
> examination of the record of the prior proceeding and culminate in
> an inquiry "whether a rational jury could have grounded its verdict
> upon an issue other than that which the defendant seeks to
> foreclose from consideration."

*Id.* at 631-32 (citations omitted).  If the jury in the criminal case could have grounded its verdict

on grounds other than the defendant's innocence, the *Gates* court concluded that collateral

estoppel would not bar a subsequent civil proceeding against the defendant regarding the same

offense because "a finding of innocence was not essential to the verdict" and thus "did not

'necessarily determine' the issue of criminal guilt or innocence."  *Id.*

Application of the collateral estoppel principles explained in *Gates* compels the

conclusion that, unless the state court record unambiguously reveals that the Default Judgment

was based on a finding of fraud, the Default Judgment cannot be construed as being on all counts

of the amended complaint, or on the fraud count in particular, for collateral estoppel purposes.

12

This is so because there were other counts of the amended complaint on which the Default Judgment could have been based, and the Default Judgment itself did not state explicitly that it was on all counts in the amended complaint.

The Court has reviewed the transcripts of the state court hearings,[23] and concludes that there is nothing in the state court record from which the Court can ascertain the basis of the Default Judgment. It is possible that the Default Judgment debt could be grounded entirely on a count in the amended complaint which does not require proof of all of the elements of any nondischargeability claim under 11 U.S.C. § 523(a). Therefore, even to the extent there are claims in the state court complaint with elements that are identical to those of a nondischargeability claim under 11 U.S.C. § 523(a), such state law claims would not have been "necessarily determined" by the Default Judgment or "essential to the judgment." *See Gates*, 452 N.W.2d at 631-32.

The cases relied on by Plaintiffs are materially distinguishable from this case, and do not require a contrary conclusion. In *Wellinger v. Borton* (*In re Wellinger*), 371 B.R. 249, 254 (E.D. Mich. 2007), the bankruptcy court applied the collateral estoppel doctrine to preclude the debtor/defendant from disputing the issues of fraud and misrepresentation under 11 U.S.C. § 523(a)(2)(A), where a prior default judgment had been entered against the defendant in a multiple-count complaint that included counts for fraud and misrepresentation. However, the default judgment in *Wellinger*, was clear, definite, and unequivocal that "[o]f that $806,076.97 judgment, $522,576.97 was attributable to the [plaintiffs'] claims for fraud and misrepresentation." *Id.* at 251 (citation omitted).

---

[23] Docket # 59; Docket # 64, Ex. A.

13

In contrast to the default judgment in *Wellinger*, as stated above, the Default Judgment in this case did not specify what portion of the total judgment was attributable to the fraud in the inducement count or any other count of the complaint, and the Court cannot ascertain the basis of the award from the state court record. Therefore, *Wellinger* is not on point.

In *Bldg. Commc'ns, Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29, 32 (Bankr. E.D. Mich. 2005), the plaintiff filed a three-count state court complaint against a defendant alleging tortious interference with prospective business advantages (Count I); fraud (Count II); and invasion of privacy/exploitation of identity (Count III). The state court entered an order granting a motion by the plaintiff for summary disposition on the fraud and invasion of privacy counts, but that order "did not determine the amount of damages." *Id.* The state court subsequently entered a default judgment "on all counts" of the complaint in favor of the plaintiff and against the defendant in the amount of $47,466.00, plus interest, and $2,534.00 in costs and attorney fees. *Id.* at 33.

After entry of the default judgment, the defendant filed a voluntary petition for relief under Chapter 7, and the plaintiff filed an adversary proceeding alleging that the judgment debt was nondischargeable for fraud under 11 U.S.C. § 523(a)(2)(A). In the adversary proceeding, the plaintiff filed a motion for summary judgment, arguing that under the doctrine of collateral estoppel, the prior state court judgment for fraud precluded the debtor/defendant from "relitigating the issue of fraud" under 11 U.S.C. § 523(a)(2)(A). *Id.* at 33. The bankruptcy court agreed. *Id.* at 38. The bankruptcy court reasoned: "The state court's order granting [p]laintiff's [m]otion for [s]ummary [d]isposition decided the issue of fraud on the merits, and the subsequent [d]efault [j]udgment established the amount of damages on the fraud claim." *Id.* The bankruptcy court also noted that "[t]he facts relied upon by the [state] court in granting [s]ummary

14

[d]isposition were established in the [p]laintiff's First Request for Admissions - Admissions which were properly served on [d]efendant and which [d]efendant failed to answer." *Id.* at 37.

In *Rahaim*, it was clear from the order granting the plaintiff's motion for summary disposition and the admissions of fact in the record that the issue of fraud had been determined and was a basis for the default judgment. Also, it was clear from the default judgment that the fraud count independently supported the entire amount of the judgment because the default judgment explicitly stated that it was "on all counts" of the complaint. *See Amalgamated Transit Union, Local 1564, AFL-CIO v. Southeastern Michigan Transp. Auth.*, 473 N.W.2d 249, 255 (Mich. 1991) (citation omitted) ("'Thus if the trial court rests its judgment on two grounds, each of which is independently adequate to support it, the judgment is conclusive as to both but i[f] the appellate court affirms on one ground without passing on the other, the second ground is no longer conclusively established under the collateral estoppel doctrine.'"); *see also Robinson v. Callender* (*In re Callender*), 212 B.R. 276, 282 (Bankr. W.D. Mich. 1997) ("This court holds that when a state court unambiguously grants a judgment on all of the counts in a multi-count complaint, then each and every count is entitled to collateral estoppel effect, including a count for fraud and misrepresentation."). Therefore, in *Rahaim*, both the prior state court judgments and the record in state court case were clear that the issue of fraud had been necessarily determined and were the basis for the judgments.

The critical distinction between the Default Judgment in this case and the judgment in *Rahaim* is that here, the Default Judgment does not explicitly state that it was on all counts in the amended complaint, and the basis for the judgment is not apparent from the record. Therefore, *Rahaim* does not support Plaintiffs' position.

15

There are at least two cases, however, that appear to support Plaintiffs' argument that the Default Judgment should be construed as a judgment on all counts of Plaintiffs' amended complaint. In *Kasishke v. Frank* (*In re Frank*), 425 B.R. 435 (Bankr. W.D. Mich. 2010), in an adversary proceeding, the bankruptcy court had to determine whether a state court default judgment had "necessarily determined" issues that the plaintiff needed to prove to establish the plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(6) "for purposes of Michigan's collateral estoppel rules." *Id.* at 440. The bankruptcy court described the state court judgment as follows:

> [T]he [state court j]udgment did not identify any particular count from the state court complaint, and in a sense is premised on alternative grounds. Some of these grounds would support an order excepting the underlying debt from discharge (such as conversion and perhaps shareholder oppression), and some would not (such as negligence and breach of fiduciary duty). In other words, in his state court complaint, [the plaintiff] asserted intentional torts as well as negligence and breach of fiduciary duty. Either of these causes of action could have independently supported the [j]udgment, yet only the damages related to an intentional tort could be excepted from discharge under 11 U.S.C. § 523(a)(6)—the statute at issue in [the plaintiff's motion for summary judgment]. Debts for negligence do not survive because the exception to discharge prescribed in § 523(a)(6) "triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). So, if Michigan law would afford preclusive effect to each set of alternative grounds on which the state court entered the [j]udgment, [the debtor/defendant] will be collaterally estopped in this non-dischargeable debt action from contesting the "findings" that, for example, he "diverted money" or "converted" Landtec's property [which well-pleaded allegations in the plaintiff's complaint].

*Id.* at 440. The bankruptcy court in *Kasishke* held that each of the alternate counts in the state

court complaint was "'necessarily determined' and 'essential to the [j]udgment' as a matter of Michigan law, and therefore entitled to preclusive effect in th[e] non-dischargeable debt proceeding." *Id.* at 442. The bankruptcy court stated: "The court need not review the 'entire record' to determine which of the state court counts carried the day because, as a matter of Michigan's preclusion law, they all did." *Id.*

The Court respectfully disagrees with *Kasishke.* Although Michigan courts would give preclusive effect to each count of a multiple-count default judgment, if the judgment clearly and unambiguously states that the judgment is on "all counts" of the complaint, or the state record indicates this is so, such was not the case in *Kasishke*. The court in *Kasishke* was unable to ascertain on which counts the judgment was based. And the *Kasishke* court did not review the court record to clarify on which counts the judgment was based. Under these circumstances, the Court disagrees with *Kasishke* that Michigan courts would give the judgment preclusive effect.

The case law relied on by *Kasishke* does not support its collateral estoppel analysis. *Kasishke* relied on *Amalgamated Transit Union, Local 1564*, *AFL-CIO v. Southeastern Michigan Transp. Auth.*, 473 N.W.2d 249 (Mich. 1991) and *Dobrowski v. Jay Dee Contractors, Inc.,* No. 288206, 2010 WL 293069 (Mich. Ct. App. Jan. 26, 2010) (unpublished), for its holding that the multiple-count judgment, "which did not identify any particular count from the state court complaint," and which was "premised on alternative grounds" should be given preclusive effect as if all counts had been "necessarily determined." Yet, neither case justifies this conclusion. In both of these cases, the Michigan courts looked carefully at the prior judgment and the court record to determine what had previously been actually and necessarily decided by the court.

In *Dobrowski,* the Michigan Court of Appeals held "that collateral estoppel extends to

alternate grounds for a prior decision" and granted preclusive effect to a prior federal district court judgment based on two alternate grounds.  2010 WL 293069,  at *4.  However, the federal district court had clearly articulated both of the grounds for its decision, and therefore, there was no doubt that the judgment was granted on both counts.  The *Dobrowski* court stated that the federal district court had "dismissed the federal claim on the [alternative] grounds that (1) plaintiff was not an eligible employee for purposes of the FMLA, and (2) plaintiff had failed to show that defendant's stated business reasons for the dismissal were mere pretext."  *Id.* at *1 (citation and footnote omitted).

Likewise, in *Amalgamated Transit Union*, the Michigan Supreme Court stated that "if the trial court **rests its judgment on two grounds**, each of which is independently adequate to support it, the judgment is conclusive as to both."  473 N.W. 2d at 255 (emphasis added).  This statement expressly requires that a court first determine the basis for the judgment and specifically that the judgment was on the two grounds sought to be given preclusive effect.  If the court cannot determine this, there is no way for it to satisfy the requirement, articulated in *Amalgamated Transit Union,* that the judgment rest on both counts. The *Amalgamated Transit Union* court also stated that if, on appeal, the appellate court affirmed the judgment on different grounds than the trial court, only the ground determined on appeal would be entitled to be given collateral estoppel effect.  This statement confirms and emphasizes the requirement of first determining exactly what was determined by a prior court judgment by looking at the entire state court record, including the record on appeal, before being able to give any count in that judgment collateral estoppel effect.

A second case supporting Plaintiffs position was cited in their supplemental brief filed

after the hearing on the motions.[24]  Plaintiffs cited the case of *McCurdie v. Strozewski* (*In re Strozewski*), 458 B.R. 397, 405-07 (Bankr., W.D. Mich. 2011), as holding that under Michigan law a default judgment in a case involving a multi-count complaint should be treated as a judgment on all counts of the complaint, even when the judgment does not say that.  The court in *Strozewski* noted that there is a split of authority nationwide on this issue; and that the Michigan Supreme Court has not directly decided this issue; and cited the *Kashiske* case, discussed above, in support of its decision.  *Id.* at 405-06.

To the extent the *Strozewski* case is inconsistent with the Court's ruling in this case, this Court respectfully disagrees with that case, and adheres to its views expressed above.  The Court also agrees with the approach taken by a 2011 decision by another judge of this Court, in a case called *Bell v. Sims*.  Although that case involved a prior state court judgment that was entered after a trial, rather than a default judgment, the problem preventing the application of collateral estoppel in Sims was not unlike the problem in this case.  In applying Michigan collateral estoppel law and denying a motion for summary judgment, the *Sims* court reasoned:

> Bell's argument ignores the fact that the particular issue - in this case, fraud - must have been decided. Instead, he relies merely on the fact that fraud in the inducement was pled and that the 36th District Court eventually entered a judgment in his favor after a two day bench trial. Although Bell's complaint in the 36th District Court proceeding pled fraud in the inducement, it also pled breach of contract, promissory estoppel, and unjust enrichment as well. The 36th District Court judgment order, however, does not state on which basis the judgment was rendered. For this reason, it would be inappropriate for the Court to apply issue preclusion, since the "basis of the prior judgment" can hardly be "ascertained clearly, definitely, and unequivocally."

---

[24]  Docket # 64.

*Bell v. Sims* (*In re Sims*), Chapter 7 Case No. 11-40699, Adv. No. 11-4802, at 3 (Bankr. E.D. Mich. August 11, 2011)(Rhodes, J.)(unpublished)("Opinion Regarding Parties' Cross-Motions for Summary Judgment" (Docket # 21)).

Because Plaintiffs have failed to show that the prior state court Default Judgment was based on the fraud in the inducement count in the state court amended complaint, or on any other count that would be a nondischargeable claim under Bankruptcy Code § 523(a), Plaintiffs cannot show that the issue of fraud, or of any other nondischargeable claim, was "necessarily determined." Because Plaintiffs have not established all of elements of collateral estoppel, their motion for summary judgment based on collateral estoppel must be denied.

## IV.  Defendant's Motion

Based on the record before this Court, including the affidavits of Plaintiff Virginia Chamberlain and of Defendant,[25] and the arguments of the parties, the Court finds that there are genuine issues of material fact that preclude the Court from granting Defendant's summary judgment motion in any respect.

## V.  Conclusion

For the reasons stated in this opinion, the Court will enter an order denying each party's motion for summary judgment.

Signed on October 18, 2013                   **/s/ Thomas J. Tucker**
                                             **Thomas J. Tucker**
                                             **United States Bankruptcy Judge**

---

[25]  Docket ## 39, 49.